UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

DANIEL BARRERA,

    Plaintiff,

v.

HOME PARAMOUNT PEST CONTROL COMPANY,
a Florid Limited Liability Company

    Defendant.
_____/

## COMPLAINT

Plaintiff, DANIEL BARRERA (hereinafter, "Barrera" or "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, HOME PARAMOUNT PEST CONTROL, INC, ("Home Paramount" or "Defendant"), and says:

## JURISDICTION AND VENUE

1.    This action is brought against Defendant pursuant to Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et. seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3.    Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Middle District of Florida; because the acts that give rise to Plaintiff's claims happened within the Middle District of Florida; and because Defendant is subject to personal jurisdiction herein.

4.    All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Orlando, Orange County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a technician in its Orlando branch office.

6. Plaintiff's responsibilities included working in the field providing pest control and related services in public schools, residential and commercial properties, for which he constantly handled goods and materials that were transported through state lines.

7. During Plaintiff's employment with Home Paramount, Plaintiff was directly and regularly engaged in interstate commerce and therefore was an "employee" as defined by 29 U.S.C. § 203(e).

8. Defendant is a Foreign Profit Corporation registered to do business within Florida and has a branch office in Orlando, Orange County. Defendant has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Home Paramount is a pest control and pest management company, offering termite control, pest control, and moisture control services for residential and commercial customers throughout Florida and other states on the East Coast.

10. At all times relevant hereto, Defendant was a covered employer under the FLSA, 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that

have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

12. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 or 2020, and therefore is a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

14. By June 2020, Plaintiff had been employed by Defendant for over 12 months, and he had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

## GENERAL ALLEGATIONS

15. Plaintiff worked for Defendant as a general technician from September 24, 2018 until his termination on June 26, 2020.

16. Starting in early 2019, Plaintiff worked approximately 10 hours to 11 hours daily from Monday to Friday, and 3 hours to 5 hours on certain Saturdays.

17. Plaintiff rarely had time to take a lunch break but Defendant almost always deducted 30 minutes for lunch breaks from the total hours Plaintiff worked in each workweek.

18. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

19. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

20. In the course of his employment with Defendant, Plaintiff worked the number of hours required of him, but was not properly paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

21. Defendant inappropriately changed Plaintiff's time records to eliminate overtime, even though Plaintiff was consistently required to work for over forty hours in each workweek.

22. The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendant.

23. In January 2020, Plaintiff advised Defendant that his wife was pregnant, with the due date to be May 10, 2020, and he requested to take leave pursuant to the FMLA.

24. Plaintiff's supervisor acknowledged Plaintiff's request but did not do anything to move forward with Plaintiff's request, despite Plaintiff's repeated reminders and requests for a copy of the necessary paperwork.

25. Sometime in April 2020, when Plaintiff again reminded his supervisor that the due date was within a month and he would like to move forward with the request for FMLA leave, Plaintiff's supervisor asked for the first time how much time Plaintiff would need.

26. Plaintiff advised that he would need one to two weeks and Plaintiff's supervisor stated that Defendant would not give Plaintiff two weeks because it was too long.

27. Plaintiff advised that he was entitled to 12 weeks of leave under the FMLA but Plaintiff's supervisor advised that Defendant was not required to approve Plaintiff's request despite the statutory language.

28. Plaintiff's supervisor also commented along the lines that "who's having the baby, you or her?"

29. On May 3, 2020, a week before the due date, Plaintiff finally received the paperwork for the FMLA leave request and was advised that he could only request for leave to start after 30 days of the application.

30. Plaintiff therefore submitted the application for two weeks of leave under the FMLA with a start date of June 29, 2020.

31. After Plaintiff officially submitted his request for FMLA leave, Defendant's managers changed their normal attitudes towards Plaintiff and issued four groundless write-ups for alleged policy violations within three weeks.

32. During his employment of Defendant for over a year, Plaintiff was never made aware that Defendant had such policies and that Defendant would actually enforce them.

33. On June 16, 2020, Plaintiff received notice that his request for FMLA leave was denied and no reason was provided.

34. On June 26, 2020, Plaintiff was terminated for alleged policy violations and poor work performance.

35. Prior to Plaintiff's official request for a two-week leave under the FMLA, Plaintiff was unaware of any performance deficiencies and he had not been previously disciplined.

36. There is no legal, non-discriminatory reason for Defendant's decision to issue the alleged write-ups and to eventually terminate Plaintiff. Further, Defendant interfered with Plaintiff's exercise of his FMLA rights, by unreasonably delaying the application process for almost four months, arbitrarily denying Plaintiff's request, and terminating Plaintiff immediately after the denial, which was right before the start date for Plaintiff's requested leave.

37. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay a reasonable fee for its services.

38. Plaintiff is entitled to his reasonable attorney's fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

39. Plaintiff re-alleges and re-avers paragraphs 1 – 38 as fully set forth herein.

40. During the course of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the FLSA [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

41. During Plaintiff's employment with Defendant, Plaintiff constantly worked over forty (40) hours during each work week in which he was employed but Defendant deliberately changed Plaintiff's time records and inappropriately deducted time for lunch breaks which Plaintiff did not take, only to eliminate overtime from the record. Plaintiff was mainly paid straight time and rarely overtime.

42. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, nor professional employee.

43. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

44. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

45. Defendant knew Plaintiff was not exempt from overtime but refused to compensate his hours worked in excess of forty (40) hours for each work week.

6

46. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

47. Plaintiff has retained the undersigned firm to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of filing this Complaint, Plaintiff DANIEL BARRERA demands judgment for:

    a. Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

    b. Interest on the amount found due;

    c. Liquidated damages;

    d. Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

    e. Such other relief as the Court deems just and proper.

### COUNT II: VIOLATION OF THE FMLA (INTERFERENCE)

48. Plaintiff re-alleges and re-avers paragraphs 1 – 38 as fully set forth herein.

49. Plaintiff was eligible for FMLA leave to care for his new born baby pursuant to 29 U.S.C. § 2612(a)(1)(A).

50. Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019.

51. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to his position.

52. Plaintiff initially requested leave under the FMLA in January 2020 but Defendant unreasonably delayed the process for almost four months, when Plaintiff was provided the necessary paperwork and therefore not able to request for leave until May 3, 2020, a week before his wife's due date.

53. Before Plaintiff even submitted the official request for FMLA leave, Defendant advised that it would not approve Plaintiff's request for leave of two weeks because Defendant deemed the requested leave too long, despite that Plaintiff was entitled to a total of 12 workweeks of leave under the FMLA.

54. Soon after Plaintiff submitted his official request for FMLA leave, Defendant issued four groundless write-ups to Plaintiff within three weeks, arbitrarily denied Plaintiff's request for FMLA leave, and terminated Plaintiff's employment the day before the start date of Plaintiff's requested leave.

55. As a direct result of his termination, Plaintiff has suffered lost wages.

56. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its supervisor.

57. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

58. Plaintiff has retained the services of the undersigned firm and is obligated to pay attorney's fees should he recover damages from Defendant.

59. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff DANIEL BARRERA requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff DANIEL BARRERA hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: September 4, 2020.

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By: /s/ Charles M. Eiss
    CHARLES M. EISS, Esq.
    Fla. Bar #612073
    chuck@icelawfirm.com
    TIEXIN YANG, Esq.
    Fla. Bar #1010651
    tiexin@icelawfirm.com