UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL BARRERA,

Plaintiff,

v.                                        Case No. 6:20-cv-1639-RBD-GJK

HOME PARAMOUNT PEST CONTROL
CO.,

Defendant.
_____

ORDER

This cause came on for consideration without oral argument on the

following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF THE FLSA SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 27)** |
| **FILED:** | **March 23, 2021** |
| | |
| **THEREON** | it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**. |

## I.     BACKGROUND.

On September 4, 2020, Plaintiff filed a Complaint against Defendant for violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages, 29 U.S.C. § 201 *et seq.* and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*  Doc. No. 1.  On March 23, 2021, Plaintiff and Defendant jointly moved the Court to approve their settlement agreement (the "Agreement") pursuant to the FLSA and to dismiss this case with prejudice (the "Motion").[1] Doc. No. 27.

## II.    LAW.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the

---

[1] Plaintiff's FMLA claim was resolved and the parties entered a settlement agreement and release with respect to that claim.  Doc. No. 27 at 2 n.2.

> district court may enter a stipulated judgment after
> scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Store*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted* 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit stated:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> *Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Silva*, 307 F. App'x at 351-52.[3] For the Court to determine whether the proposed settlement is reasonable, counsel for the claimant must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] From a purely economic standpoint, defendants are largely indifferent as to how their settlement proceeds are divided as between plaintiffs and their counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

recovery should be allocated to attorney's fees and costs.[5]   It is the Court's responsibility to ensure that any such allocation is reasonable.   *See id.*   As the Court interprets *Lynn's Food* and *Silva*, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately*

---

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> *considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

### III.  <u>ANALYSIS.</u>

#### A. Settlement Amount.

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 27 at 5. The parties are represented by independent counsel.  Doc. No. 27 at 12.  Under the Agreement, Plaintiff is receiving $1,050.00 in unpaid wages and $1,050.00 in liquidated damages. Doc. No. 27-1 at 3.  In answers to court interrogatories, Plaintiff claims he is owed $9,214.66 (including liquidated damages) for unpaid wages.  Doc. Nos. 22 at 4; 27 at 3.

Since Plaintiff is receiving less than the amounts he claims in his interrogatory answers he has compromised his claim under the FLSA.  *See Caseres v. Texas de Brazil (Orlando) Corp.*, No. 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. Apr. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*."). After

receiving sufficient information to make informed decisions, the parties decided to settle their dispute. Doc. No. 27 at 4, 7.  The parties cite numerous factors that support the reasonableness of their settlement.  *Id.* at 7.  Considering the foregoing, and the strong presumption favoring settlement, even if Plaintiff compromised his claims, the settlement amount is fair and reasonable.

### B.  Attorney's Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive $1,400 in attorney's fees and costs.  Doc. No. 27-1 at 4.  The parties represent that attorney's fees and costs were negotiated separately from Plaintiff's recovery.  Doc. No. 27 at 4.  The settlement is reasonable on its face, and the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.  Thus, the Agreement is a fair and reasonable settlement of Plaintiff's FLSA claim.

### C.  General Release

The Agreement contains a general release. Doc. No. 27 at 4; 27-1 at 1-2. Courts within this District have questioned the propriety of such a provision when evaluating the fairness and reasonableness of FLSA settlements. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

8

An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release—that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010).

General release provisions have been approved when the plaintiff receives separate consideration. *See Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving FLSA settlement providing $100.00 as separate consideration for a general release). The parties represent in the Motion that Plaintiff will receive $300 for the general release which was negotiated separately. Doc. No. 27 at 4; 27-1 at 4. As the parties represent that separate consideration was received for the general release, the general release does not prevent approval of the Agreement.

### D.  Confidentiality and Mutual Non-Disparagement

Paragraph 7 of the Agreement contains a confidentiality provision (¶7(a)) and mutual non-disparagement clauses (¶7(b) and (c)). Doc. No. 27 at 4; 27-1 at ¶7.  "Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013); *see also Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (noting that courts typically reject non-disparagement clauses in FLSA settlement agreements).

Courts within this circuit routinely reject confidentiality clauses in FLSA settlement agreements because they "'thwart[] Congress's intent to ensure widespread compliance with' the FLSA." *Pariente v. CLC Resorts and Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014).  Such provisions are rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses. *Manso v. D. & R. Granite & Marble, LLC*, 2018 U.S. Dist. LEXIS 165505, at *4 (M.D. Fla. Sept. 10, 2018) (where parties affirmatively filed their agreement in the

10

public record confidentiality is non-existent); *Housen v. Econosweep & Maint. Servs., Inc.*, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority).  The Agreement has been filed in this case and is public record.  On this basis, and based on the aforementioned policy reason, the confidentiality provision is unenforceable.

However, this Court has approved non-disparagement clauses in FLSA settlement agreements where the non-disparagement provisions were mutual.[6] *Bell v. James C. Hall, Inc.*, No. 6:16-CV-218-ORL-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-CV-218-ORL-41TBS, 2016 WL 5146318 (M.D. Fla. Sept. 21, 2016).  As the non-disparagement provisions here are mutual, they do not preclude approving the Agreement.

### E.  Modification

Paragraph 12 of the Agreement states, "This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement." Doc. No. 27-1 at 7. This provision appears to attempt to negate the necessity of

---

[6] Plaintiff has also received separate consideration of $100 for the non-disparagement agreement.  Doc. No. 27 at 4.

Court approval of the Agreement, as it provides for the parties to modify the Agreement without any limitation regarding when the Agreement can be modified. Thus, it is unenforceable. *See Madison v. United Site Servs. of Fla., Inc.*, No. 6:16-CV-1991-ORL-41DCI, 2018 WL 2197757, at *1 (M.D. Fla. May 14, 2018) ("Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Settlement Agreements are unenforceable absent judicial approval.").

### F. Severability

Even though the confidentiality and modification provisions are unenforceable, approval of the Agreement is not precluded. The Agreement contains a severability clause, providing:

> Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  However, if any portion of the general release language is ruled to be unenforceable for any reason, BARRERA shall return the Settlement Sum paid hereunder by HOME PARAMOUNT.

Doc. No. 27-1 at 6 ¶9.

Pursuant to the severability clause, the Court may strike the modification and confidentiality provisions from the Agreement without impacting the enforceability of the remainder of the Agreement. *See Pariente v. CLC Resorts &*

12

*Devs., Inc.*, No. 6:14-CV-615-ORL, 2014 WL 6389756, at *5-6 (M.D. Fla. Nov. 14, 2014) (striking confidentiality clause pursuant to severability clause).  Thus, it is recommended that the confidentiality (¶7(a)) and the modification (¶12) provisions be stricken by the Court.

## IV.   <u>CONCLUSION</u>.

Based on the foregoing, it is **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 27) as follows:

1. That the Court **STRIKE** the modification and confidentiality provisions of paragraphs 7(a) and 12 from the Agreement;

2. That the Motion (Doc. No. 27) be **GRANTED** to the extent that the Court finds the Agreement (Doc. No. 27-1), with the modifications set forth above, to be a fair and reasonable compromise of Plaintiff's FLSA claim;

3. That the case be **DISMISSED with prejudice**; and

4. That the Motion be otherwise **DENIED**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to

13

file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition of this matter, if the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida, on April 9, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
District Judge
Courtroom Deputy
Counsel of Record
Unrepresented parties

14